Nahid QIDWAI, Plaintiff—Appellant,

v.

PRUDENTIAL INSURANCE
COMPANY OF AMERICA,
Defendant—Appellee.

No. 02–55068.

D.C. No. CV–00–13300–RSWL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 4, 2003.

Decided Feb. 20, 2003.

Before D.W. NELSON, WARDLAW
and FISHER, Circuit Judges.

MEMORANDUM *

Nahid Qidwai appeals the district court's grant of summary judgment in favor of Prudential Insurance Company. In determining whether Prudential properly denied Qidwai disability benefits under her ERISA plan, the district court concluded that Qidwai failed to raise a genuine issue of material fact, yet it declined to consider vocational expert Freeman Leeth's report which Qidwai had submitted to Prudential. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

 Leeth's report, in light of all of the other evidence of Qidwai's physical restrictions and failed attempts at work, created a genuine issue of material fact

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sufficient to defeat summary judgment in Prudential's favor. *Cf. Nord v. Black & Decker,* 296 F.3d 823, 832 (9th Cir.2002) (considering lone plan doctor's opinion that claimant was not disabled, but determining that this opinion did not create triable issue of fact in light of all other evidence to contrary). The district court was not free simply to refuse to consider the report because it found that the administrative record supported a conclusion that plaintiff does not have an impairment that would prevent her from performing her own occupation.[1] At summary judgment, the district court "must decide whether there are genuine issues of material fact, not whether there was substantial or ample evidence to support the plan administrator's decision." *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan,* 46 F.3d 938, 942 (9th Cir.1995). We conclude that the district court improperly weighed the evidence on summary judgment, and we therefore reverse the district court's order and remand for further proceedings. The district court must consider Leeth's report, although we recognize that on remand the district court will have the same record it had in ruling on summary judgment. Both parties agree that the administrative record is complete and that no additional evidence needs to be taken. Nonetheless, this remand is not an empty formality. When a genuine issue of material fact exists in a case such as this, we remand because "[t]he district judge will be asking a different question as he reads the evidence[:] ... whether [Qidwai] is disabled within the terms of the policy."

See *Kearney v. Standard Ins. Co.,* 175 F.3d 1084, 1095 (9th Cir.1999) (en banc).

**REVERSED AND REMANDED.**

---

1. We reject Prudential's argument that *McKenzie v. General Telephone Co.,* 41 F.3d 1310 (9th Cir.1994), supports the district court's actions. Unlike this case, the standard of review in *McKenzie* was abuse of discretion. *Id.* at 1314. In addition, the *McKenzie* court did not deal with a district

court's duty, or lack thereof, to consider vocational evidence that the plan administrator did consider and which was already present in the administrative record. *Id.* at 1317–18.

